In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 21-1441

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KA'BA S. MUHAMMAD,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:00-cr-197 — **James T. Moody**, *Judge.*

———————————

ARGUED FEBRUARY 8, 2022 — DECIDED AUGUST 15, 2022

———————————

Before SYKES, *Chief Judge*, and SCUDDER and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. A district court vacated Ka'ba Muhammad's sentence on collateral review, and he was resentenced. At resentencing, the parties incorrectly stated that Muhammad had not made any restitution payments. The court then reimposed the vacated, original restitution judgment of $10,421.66 without crediting the $433.32 Muhammad paid while incarcerated. Muhammad

appeals the new restitution judgment and argues that the district court plainly erred by relying on inaccurate information—that he had not made any restitution payments—when it reimposed the original restitution judgment. Even if Muhammad could show that the district court erred, we decline to correct any such error on the facts of this case where Muhammad concedes that he originally owed $10,421.66 in restitution and where there is no disagreement among the parties and the district court that he should receive credit for his payments. Accordingly, we affirm.

## I

In 2001, a jury convicted Muhammad of being a felon in possession of a firearm and stealing firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(g)(1) and 922(u). The district court sentenced Muhammad as an armed career criminal and ordered him to pay $10,421.66 in restitution to the firearms dealer and its insurer under the Mandatory Victims Restitution Act ("MVRA"). We affirmed the sentence. *See Zambrella v. United States*, 327 F.3d 634 (7th Cir. 2003).[1]

On collateral review, the United States District Court for the Central District of Illinois vacated Muhammad's sentence under 28 U.S.C. § 2241 after finding that he was improperly sentenced as an armed career criminal. *Muhammad v. Entzel*, No. 19-CV-1343-SLD, 2020 WL 7346027, at *11 (C.D. Ill. Dec. 14, 2020). The court transferred the matter to the United States District Court for the Northern District of Indiana, which

---

[1] Muhammad's former name was Taurus Zambrella.

resentenced Muhammad to time served and one year of su-pervised release. Relying on the restitution amount in the U.S. Probation Office's revised presentence report and the parties' statements[2] that Muhammad had not made any restitution payments, the court also ordered Muhammad to pay $10,421.66 in restitution. Muhammad timely appealed his new sentence.

While the matter was pending on appeal, the parties learned that Muhammad paid $433.32 toward his original restitution judgment while incarcerated and before resentencing. On Muhammad's motion and the parties' joint stipulation, the district court entered an order updating the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e) and Circuit Rule 10(b) to reflect that Muhammad now owes $7,993.63 in restitution. This $2,228.03 reduction included $433.32 Muhammad paid while incarcerated, $200 his codefendant paid, and $1,794.71 from a U.S. Treasury Department offset. Meanwhile, Muhammad's appeal continued to briefing.

---

[2] At resentencing, the following exchange took place:

[THE COURT]: The defendant must make restitution to the following named victims in the amount indicated: Hamilton Mutual Insurance Company of Cincinnati, Ohio in the amount $9,421.66 and Albertson's Sports Shop in Warsaw, Indiana in the amount of $1,000. Does that cover it? None of that has been paid, I take it?
[GOVERNMENT]: Correct, Your Honor.
[THE COURT]: Correct?
[DEFENSE]: Correct, Your Honor.

**II**

In this appeal, Muhammad seeks a limited remand so that the district court can revisit the restitution judgment. He argues that the district court erred by relying on inaccurate information when it reimposed the $10,421.66 restitution judgment. Muhammad forfeited this argument by failing to object to the district court's restitution decision at resentencing, so we review it for plain error. *See United States v. Jones*, 22 F.4th 667 (7th Cir. 2022). To prevail on plain error review, Muhammad must show: "(1) an error, (2) that was plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the proceedings." *Id.* at 675. Muhammad contends that all four prongs of plain error review are met here.

To begin, Muhammad identifies the error as this: the district court relied on inaccurate information—that he had not made any restitution payments—to impose his restitution. Muhammad directs our attention to *United States v. Oliver*, where we stated that "[c]onvicted defendants have a due process right to be sentenced on the basis of accurate and reliable information" and "a sentencing court commits a significant procedural error if it selects a sentence based on clearly erroneous facts." 873 F.3d 601, 608 (7th Cir. 2017) (quotations and citations omitted).

Second, Muhammad argues that the error was plain. He concedes that he owed $10,421.66 in restitution under the MVRA because that was the amount of loss he caused the victims. But he views the district court's decision to reimpose that total amount as a clear or obvious error, *see United States v. Olano*, 507 U.S. 725, 734 (1993), because he paid $433.32

before resentencing and the district court did not credit that amount.

Third, Muhammad argues that the error affected his substantial rights. The third prong requires Muhammad to show that he was prejudiced and there was "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Morrow*, 5 F.4th 808, 814 (7th Cir. 2021). Muhammad argues that the district court's error affected his right to be sentenced based on correct information and, but for that misinformation, the district court would have credited Muhammad's $433.22 payment and reduced Muhammad's restitution obligation.

Finally, Muhammad argues that the error impacted the fairness, integrity, and public reputation of judicial proceedings. This fourth prong of the plain error analysis is where we must pause. Even when a litigant satisfies the first three prongs of the plain error analysis, we "should exercise [our] discretion at the fourth prong *only if* the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Hammond*, 996 F.3d 374, 395 (7th Cir. 2021) (quotation omitted) (emphasis added). This means "we "retain discretion to leave an error uncorrected." *Id*. (quotation omitted). In particular, we have "broad discretion under prong four to leave even plain errors uncorrected where we have no doubt as to the ultimate result of further proceedings." *Id.* at 395–96 (quotation omitted).

Here, we need not address all of Muhammad's arguments about plain error because, even if the first three prongs are met, on the facts of this case we will not exercise our "broad discretion" under the fourth prong to correct any error. The fourth prong "has been compared to a miscarriage of justice."

*United States v. Pulliam*, 973 F.3d 775, 781 (7th Cir. 2020), *as amended* (Sept. 8, 2020). We are not convinced that the district court's error, if any, rises to that level. Muhammad concedes that he did owe $10,421.66 in restitution under the MVRA, so the restitution judgment noting Muhammad's restitution obligation of $10,421.66 is not inaccurate.

Further, as we see it, Muhammad's complaints amount to a crediting issue, and to that, we have "no doubt as to the ultimate result of further proceedings." *Hammond*, 996 F.3d at 395–96 (quotation omitted). Muhammad's payments while incarcerated may have escaped the parties' attention before, but there is now no disagreement among the parties or the district court—or us—that he should receive full credit for all payments made toward his restitution obligation. The government acknowledged in its briefing and at oral argument that Muhammad should receive full credit for his payments. The district court signaled its willingness to credit Muhammad for his payments when it entered an order attempting to update the record on appeal.[3] In sum, we are confronted with

---

[3] We say "attempt[ed]" because it was improper for the district court to use Federal Rule of Appellate Procedure 10(e) to update the record on appeal to reflect Muhammad's payments. Rule 10(e) allows petitioners to correct omissions or misstatements in the appellate record. Evidence of Muhammad's restitution payments was absent from the district court record entirely. Rule 10(e) was not a proper vehicle to update the record on appeal with information that was never in the district court record to begin with. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1012–13 (7th Cir. 2021) ("Rule 10(e) is permissive, but as a general rule we will not consider evidence on appeal that was not before the district court.").

a crediting issue about which all involved agree, even if it requires some diligence by the district court and the government offices that track Muhammad's restitution payments to ensure that Muhammad is properly and officially credited. On these facts, "there is no risk of a miscarriage of justice because the error here," if any, "does not seriously harm the fairness, integrity, or public reputation of judicial proceedings." *Pulliam*, 973 F.3d at 782.

### III

For the reasons above, we AFFIRM the judgment of the district court and decline to order a limited remand.[4] Because everyone involved agrees that Muhammad paid $433.32 towards his restitution, we are confident he has or will receive credit for that amount.

---

[4] At oral argument, Muhammad's attorney requested for the first time a complete resentencing at which the district court could reconsider Muhammad's term of supervised release. We deem the request waived, and decline to address it.